IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FEDEX GROUND PACKAGE          )
SYSTEM, INC.,                 )
                              )
            Plaintiff,        )
                              )
      v.                      )          Case No. 12-2228-JWL
                              )
VIC JACKSON TRANSPORTATION, INC.,  )
                              )
            Defendant.        )
                              )
_____)

## MEMORANDUM AND ORDER

This matter is presently before the Court on defendant's motion to dismiss (Doc.

# 6).  For the reasons set forth below, the motion is **denied**.


### I.      Background

Plaintiff FedEx Ground Package System, Inc. ("FedEx") has alleged the following

facts.  Pursuant to a contract with FedEx, defendant Vic Jackson Transportation, Inc.

("VJT") provided package delivery and pick-up services in Kansas.  FedEx terminated

the contract in December 2010, and in February 2011, VJT initiated arbitration

challenging the termination, pursuant to the parties' contractual arbitration provision.

The parties agreed to allow the arbitrator to consider whether the arbitration clause was

valid as written.  The arbitrator then concluded that any arbitration provision that limited

his authority in violation of the applicable arbitration rules was unenforceable, and he ordered that the arbitration continue without certain limitations contained in the contractual arbitration provision.

FedEx then brought the instant suit, by which it seeks the following relief: (1) a declaratory judgment, pursuant to 28 U.S.C. § 2201, declaring that FedEx is not obligated to participate in an arbitration that is not limited in accordance with the arbitration provision; and (2) an injunction enjoining further arbitration as ordered by the arbitrator. VJT has moved to dismiss this suit as unripe, pursuant to Fed. R. Civ. P. 12(b)(1), and for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).

## II. Ripeness

VJT argues that FedEx's suit is not ripe because the underlying arbitration has not yet been completed, and thus that a case or controversy has not yet arisen as required under Article III of the Constitution. VJT suggests that any decision of this Court would therefore be advisory concerning the claims at issue in the arbitration.

Article III and the Declaratory Judgment Act require an actual case or controversy and forbid federal courts from rendering advisory opinions. *See Columbian Finan. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1376 (10th Cir. 2011) (citing *Flast v. Cohen*, 392 U.S. 83, 96 (1968)). The question is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a

declaratory judgment." *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007), *quoted in Columbian Finan. Corp.*, 650 F.3d at 1376.

The Court concludes that an actual case or controversy exists here. FedEx has alleged that the arbitrator has ordered that the parties' arbitration continue without certain limitations contained in the parties' arbitration agreement, and that the arbitrator exceeded the scope of his authority, as granted in the arbitration agreement, in so ruling. Thus, the parties have adverse legal interests, and there is an immediate and substantial controversy between the parties concerning the scope of the arbitration and whether the arbitrator exceeded his authority in determining the issues and procedures for the arbitration.

VJT has not cited any authority suggesting that a case is not ripe, or that an Article III case or controversy does not exist, in this context of a suit seeking to enjoin an arbitration. To the contrary, courts have uniformly held that the Federal Arbitration Act authorizes a federal district court to enjoin an arbitration in appropriate circumstances. *See Anderson v. Beland (In re American Express Finan. Advisors Sec. Litig.)*, 672 F.3d 113, 140 (2d Cir. 2011) (district courts have authority to order the cessation of an arbitration in order to enforce the terms of the parties' arbitration agreement, such as when no valid arbitration agreement exists or when certain claims are not within the scope of the agreement); *Industrial Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1449 n.23 (11th Cir. 1998) (district court had the power to enjoin arbitration); *McLaughlin Gormley King Co. v. Terminix Int'l Co.,*

*L.P.*, 105 F.3d 1192, 1194 (8th Cir. 1997) ("If a court has concluded that a dispute is *non*-arbitrable, prior cases uniformly hold that the party urging arbitration may be enjoined from pursuing what would now be a futile arbitration, even if the threatened irreparable injury to the other party is only the cost of defending the arbitration and having the court set aside any unfavorable award."); *Joudi v. Doerkin Props., Inc.* 1995 WL 29307, at *2 (5th Cir. Jan. 13, 1995) (unpub. op.) ("If a court determines that a valid arbitration agreement does not exist, it is obliged to enjoin arbitration . . . ."); *PaineWebber Inc. v. Hartmann*, 921 F.2d 507, 511 (3d Cir. 1990) ("If a court determines that a valid arbitration agreement does not exist or that the matter at issue clearly falls outside of the substantive scope of the agreement, it is obliged to enjoin arbitration."); *Societe Generale de Surveillance, S.A. v. Raytheon European Mgmt. & Sys. Co.*, 643 F.2d 863, 868 (1st Cir. 1981) ("To allow a federal court to enjoin an arbitration proceeding which is not called for by the contract interferes with neither the letter nor the spirit of [the Federal Arbitration Act].  Rather, to enjoin a party from arbitrating where an agreement to arbitrate is absent is the concomitant power of the power to compel arbitration where it is present."); *see also Morgan Keegan & Co. v. Shadburn*, 8290 F. Supp. 2d 1141, 1143-44 & n.3 (M.D. Ala. 2011) (citing cases); *PaineWebber, Inc. v. Fowler*, 791 F. Supp. 821, 826-27 (D. Kan. 1992) (Lungstrum, J.) (enjoining certain claims being raised in ongoing arbitrations).[1]

---

[1]The general rule against judicial review prior to rendition of a final arbitration
(continued...)

VJT argues that the arbitrator has not yet reached a decision on the merits of its claim of wrongful termination of the contract, and that FedEx may not seek an advisory opinion or circumvent the arbitration with respect to that claim. FedEx's suit, however, does not touch on the merits of that underlying claim; rather, it concerns only scope of the arbitration and the arbitrator's power effectively to reform the arbitration provision in the contract. Therefore, there is no danger of an impermissible advisory opinion, and this case does not run afoul of Article III. VJT's motion to dismiss the suit as unripe is denied.[2]

### III.   Failure to State a Claim

In one half of one page at the conclusion of its brief, VJT argues that FedEx has failed to state a cognizable and plausible claim for relief because the arbitrator did not exceed his authority and because, as concluded by the arbitrator, the arbitration provision was unconscionable as written. VJT has not undertaken any analysis, under the law or

---

[1](...continued)
award does not apply to the issue of the validity or scope of the arbitration agreement. *See Aerojet-General Corp. v. American Arbitration Ass'n*, 478 F.2d 248, 251 n.4 (9th Cir. 1973).

[2]VJT raises the issue of res judicata in its reply brief, but it has not explained how that doctrine would apply to a claim that an arbitrator has exceeded his authority. VJT also stresses in its reply that FedEx consented to the arbitrator's initial inquiry into the validity of the agreement, but any such issue concerning waiver must await proceedings on the merits of FedEx's suit. The Court does not express any opinion on the merits of any such issue of waiver; nor has the Court considered or decided whether FedEx can demonstrate the irreparable injury needed for an injunction.

the facts, however, of an arbitrator's power to reform an arbitration provision in the manner in which he did. Thus, VJT has not shown that FedEx cannot maintain its claims, and VJT's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is denied.[3]

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion to dismiss (Doc. # 6) is **denied**.

IT IS SO ORDERED.

Dated this 19th day of July, 2012, in Kansas City, Kansas.

s/ *John W. Lungstrum*
John W. Lungstrum
United States District Judge

---

[3]The Court agrees with FedEx that the case is more appropriately resolved on an early motion for summary judgment, and FedEx has expressed an intent to file such a motion. In particular, any issues concerning FedEx's waiver or its consent to the arbitrator's determination of the scope of the arbitration depend on facts outside the complaint and cannot be determined upon a motion to dismiss.